**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Richard Enyart,                                                        Case No. 3:12CV2445

        Petitioner

        v.                                                                          **ORDER**

John Coleman, Warden,
Allen Correctional Institution,

        Respondent

        This is a habeas corpus case under 28 U.S.C. § 2254.

        Petitioner Richard Enyart seeks relief from his Ohio convictions for rape, gross sexual imposition, illegal use of minors in nudity-oriented material, and pandering sexually-oriented material to minors.

        Pending is the Magistrate Judge's Report and Recommendation (Doc. 12), which concluded all of petitioner's claims are procedurally barred. Petitioner has objected. (Docs. 20, 21).

        For the following reasons, I overrule the objections, adopt the R&R as the order of this court, and deny the petition.

**Background**

**A. State Court Proceedings**

        In 2007, two separate grand juries indicted petitioner in the Common Pleas Court of Franklin County, Ohio, on eighty-two counts involving sex offenses against minors and one count of tampering with evidence.

The charges stemmed from an incident on August 11, 2007, when four sisters – each of whom was between five and twelve years old – went to petitioner's home to use his swimming pool.

After swimming, the two oldest girls went to the bathroom to change into their street clothes. Petitioner told "the girls to be sure to use the after-sun lotion in the bathroom, especially around the edges of the swimsuit." (Doc. 7-1 at 393). Due to the layout of the bathroom, the girls had to change directly in front of the toilet.

While changing, the older girl noticed a video camera, apparently hidden under some towels, sitting on the toilet seat.

The girl could tell the camera was on because she saw a picture of herself in an LED screen attached to the camera. She and two of her sisters fled petitioner's house, went home, and told their mother what happened.

Police arrived on the scene soon thereafter and, fearing that petitioner might destroy the camera or delete files from it, entered his home without a warrant. The officers seized petitioner, removed him from the home, and secured the scene.

Authorities then obtained a search warrant for petitioner's house and, during the ensuing search, discovered: 1) "numerous" DVDs and VHS tapes depicting petitioner "performing sexual acts on children who seemed to be not conscious;" 2) a DVD recording of petitioner performing sexual acts on a five- or six-year-old child; and 3) a book explaining how to calculate drug dosages. *Id.* at 396.

During pretrial proceedings, petitioner moved to suppress the evidence seized from his home and an incriminating, post-arrest statement he gave to police. He argued: 1) there were no exigent circumstances justifying the warrantless entry into his home; 2) the search warrant was overbroad;

and 3) police violated *Miranda v. Arizona*, 384 U.S. 436 (1966), in obtaining the incriminating statement.

After holding an evidentiary hearing, the trial court denied the motions.

Having failed to suppress the key evidence against him, petitioner entered a no-contest plea in the two separate cases to fourteen counts of rape, eighteen counts of gross sexual imposition, seven counts of pandering, eight counts of illegal use of a minor in nudity-oriented materials, and one count of tampering with evidence.[1]

The trial court imposed an aggregate sentence of 365 years' imprisonment.

Petitioner appealed to Ohio's Tenth District Court of Appeals, arguing only that his no-contest pleas were involuntary. In December, 2008, the appellate court rejected that claim and affirmed petitioner's convictions. Petitioner did not seek review in the Ohio Supreme Court.

In March, 2009, petitioner moved to reopen his direct appeal under Ohio App. R. 26(B), which allows a criminal defendant to reopen an appeal on grounds that his appellate lawyer was ineffective.

Petitioner's motion to reopen alleged appellate counsel was ineffective for not arguing that: 1) trial counsel was ineffective for failing to (a) seek a change of venue and (b) call petitioner as a witness at the suppression hearing; and 2) the trial court erred in denying his suppression motions.

---

[1] The entry of a no-contest plea preserved petitioner's right to appeal the denial of his suppression motions. Ohio Crim. R. 12(I); *State v. Luna*, 2 Ohio St. 3d 57 (1982). The Magistrate Judge concluded it also preserved petitioner's right to seek habeas relief (Doc. 12 at 19-24), a ruling the Warden does not contest.

The appellate court granted petitioner's motion in part and denied it in part. It denied reopening as to the claims that trial counsel should have sought a change of venue and called petitioner at the suppression hearing. But it granted reopening as follows:

> Defendant argues the warrantless entry into his residence was not justified, his initial detention thus was illegal, and the statements he made to police after his detention should have been suppressed. To the extent defendant contends his trial counsel, during the suppression hearing, failed to question the legality of the initial entry into defendant's residence and his subsequent detention, defendant's assertion is incorrect, as trial counsel raised the issue. Appellate counsel, however, did not assign the trial court's decision on the issue as error on appeal, and defendant now claims his appellate counsel was ineffective in failing to do so.
>
> We agree that appellate counsel at least should have raised the issue on appeal . . . Because the law regarding exigent circumstances may not be as developed as some other areas of the law governing search and seizure, we grant defendant's motion to reopen to allow him the opportunity to argue to a panel of this court his contentions regarding the trial court's decision denying his motion to suppress.

(Doc. 7-1 at 275).

At the briefing stage of the reopened appeal, and in accordance with the appellate court's order, petitioner pressed his claim that appellate counsel was ineffective for not appealing the trial court's rejection of his Fourth Amendment challenges.

However, petitioner also contended appellate counsel should have argued the trial court erred in refusing to suppress his incriminating statement.

The appellate court rejected petitioner's claims. *State v. Enyart*, 2010 WL 4681889 (Ohio App.). In doing so, the court declined to consider whether appellate counsel's failure to raise the *Miranda* claim on appeal was ineffective:

> Defendant did not seek, and we did not grant, reopening concerning appellate counsel's failure to assign as error the trial court's decision denying defendant's motion to suppress his statements to law enforcement. Rather, we granted reopening regarding defendant's motion to suppress the evidence taken from his home.

4

*Id.*, *10.

Petitioner then sought further review before the Ohio Supreme Court, but that court denied his request. The United States Supreme Court denied petitioner's petition for a writ of certiorari. *Enyart v. Ohio*, 132 S. Ct. 203 (2011).

Meanwhile, in September, 2008, the state trial court had taken under advisement petitioner's petition to vacate his convictions. The court apparently held the petition in abeyance pending the appellate court's resolution of the reopened appeal. Then, in March, 2013, the state court dismissed the petition on res judicata grounds.

Petitioner did not appeal.

### B. Federal Habeas Proceedings

Petitioner filed a habeas corpus petition in this Court on September 28, 2012, raising eight claims.

The first three claims involved Fourth Amendment challenges to the lawfulness of petitioner's arrest and the search of his home. The next four claims alleged police violated *Miranda* while questioning petitioner after his arrest.

Claim eight alleged that:

> The cumulative effect of the fact that, with reference to each of the [first seven claims in the petition], counsel's responses to the various contentions referred to therein seem clearly to show he failed to provide [petitioner] with the type of effective assistance of counsel that can survive constitutional scrutiny within the ambit of *Strickland v. Washington*, 466 U.S. 668 (1984). Indeed, so much so, that counsel literally was not functioning as the counsel guaranteed by the Sixth Amendment of the United States Constitution. In the wake thereof [petitioner] was prejudiced – in fact, severely so.

(Doc. 1 at 12).

The Magistrate Judge issued a thorough R&R, recommending I deny the petition.

The Magistrate first found *Stone v. Powell*, 428 U.S. 465 (1976), foreclosed review of petitioner's Fourth Amendment claims because the state courts had afforded petitioner a full opportunity to litigate those claims.

Relying on *Good v. Burghuis*, 729 F.3d 636 (6th Cir. 2013), the Magistrate identified the relevant question as "Did the state courts permit the defendant to raise [his Fourth Amendment] claim or not?" (Doc. 12 at 26).

The Magistrate Judge answered that question in the affirmative, finding that the Ohio courts allowed petitioner to litigate those claims in both the suppression hearing and in the reopened appeal.

Second, the Magistrate concluded petitioner procedurally defaulted his *Miranda* claims because: 1) he did not raise them in either his original or his reopened direct appeal; and 2) while petitioner raised a *Miranda* claim in his petition to vacate, the trial court denied that petition on adequate and independent state-law grounds (and petitioner did not appeal that judgment in any event).

The Magistrate Judge then noted petitioner failed to respond to the Warden's procedural-default arguments, and had "ma[de] no clear argument" to excuse the defaults. (Doc. 12 at 42).

However, the Magistrate assumed *arguendo* petitioner could show cause for his default, but concluded petitioner could not show prejudice, given that petitioner "does not argue that he would not have pled no contest if the trial court granted his motion to suppress his statements but nevertheless denied his motions to suppress the DVDs and VHS tapes." (*Id.* at 42-43).

6

Finally, the Magistrate Judge ruled petitioner's eighth claim (which the Magistrate characterized as a claim that trial counsel was ineffective for allowing petitioner to speak with law enforcement after his arrest and failing to call him at the suppression hearing, *see* Doc. 12 at 43) defaulted because petitioner had not fairly presented it to the Ohio courts.

## Discussion

Because petitioner has filed objections, I must conduct a de novo review of those parts of the R&R to which he objects. 28 U.S.C. § 636(b)(1).

### A. Counsel's Objections

I first consider the objection petitioner's lawyer, Mr. James Willis, filed.

Despite its length, the thirty-eight-page objection focuses largely on two issues: 1) whether the state appellate court barred petitioner from arguing, in the reopened appeal, that appellate counsel was ineffective for not raising a *Miranda* claim; and 2) the quality of the hearing petitioner received on his Fourth Amendment claims.

To be sure, the objection concludes with a plea that "[t]hese assailments along with the various arguments here being submitted should be regarded as objections to each and every ruling made by the magistrate in his Report and Recommendation." (Doc. 21 at 35).

But this argument is insufficient to require de novo review of the entire R&R. As the party disappointed with the Magistrate Judge's work, petitioner had a "duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

Because petitioner has pinpointed only the two objections outlined above, I confine my review to those issues.

7

Before turning to those issues, however, I am compelled to note the objection is laced with insults and disparaging comments directed at the Ohio courts,[2] the Magistrate Judge,[3] and opposing counsel.[4]

These comments in Mr. Willis's response stray beyond the bounds of zealous advocacy. While it is incumbent on counsel in habeas cases to identify the state courts' and Magistrate Judge's errors, and to present vigorous argument on why those errors warrant habeas relief, counsel can and should do so without stooping to the kind of *ad hominem* attacks that he has made in his pleading here.

As this portion of my opinion should make crystal clear, Mr. Willis's vituperation is as unfounded as it is nasty, unprofessional, and unworthy of any member of the bar of this Court who values his reputation and good standing.

By refraining from taking more formal action, including, *inter alia*, calling on Mr. Willis to show cause why he should not be sanctioned for his misconduct, I wish to make clear that I will not, and I assume my colleagues will not, tolerate further conduct of this sort. If any repetition comes to my attention, I will not hesitate to refer that – and this – instance for consideration by the appropriate disciplinary agencies.

---

[2] For example, counsel calls the Ohio courts' handling of his claims "mumble-jumble," "inconsistent with reality," "pathetic," and "nonsensical." (Doc. 21 at 8, 11, 18).

[3] The Magistrate Judge came in for the brunt of the assault. According to counsel, the meticulous R&R is a "spectacle," "preposterous," "nonsense," "as good an example of legal dissonance . . . as can be created and offered in support of what is pure nonsense," "totally flawed and totally indefensible," "a huge spectacle," and "concocted." (Doc. 21 at 3, 4, 5, 14, 27, 29).

[4] Counsel accused the Warden's lawyer of making frivolous and disingenuous arguments, and of "ignor[ing] reality." (Doc. 21 at 17, 18, 24). The accusations are unfounded.

I will, in any event, call this portion of this opinion to the attention of my colleagues, so that they are likewise aware of Mr. Willis's untoward and unfounded calumnies, including, most especially, those he directs toward a capable and respected Judge of this Court.

I trust – and hope – that this convinces Mr. Willis to be more professional in the future. He can ably and effectively represent his clients in this and other courts by keeping in mind the adage, "You draw more flies with honey than vinegar."

### 1. Defaulted *Miranda* Claims

The first objection counsel raises – that the state appellate court did not preclude petitioner from arguing, in the reopened appeal, that appellate counsel was ineffective for failing to raise a *Miranda* claim (Doc. 1-18) – is not relevant to any aspect of the R&R.

The Magistrate Judge found petitioner defaulted his *Miranda* claims because he did not raise them in either the original or reopened direct appeal, and because the state trial court rejected that claim (raised in a petition to vacate) on an adequate and independent state-law ground.[5]

Turning to the cause-and-prejudice test, which if satisfied permits a habeas court to review a defaulted claim, *Wainwright v. Sykes*, 433 U.S. 72 (1977), the Magistrate noted petitioner failed to argue his default could be excused (or, indeed, to respond at all to the Warden's procedural-default argument). (Doc. 12 at 42).

Nevertheless, the Magistrate Judge assumed *arguendo* petitioner could demonstrate cause based on ineffective assistance of appellate counsel, but ruled that counsel's failure to raise a

---

[5] Because petitioner did not appeal from the trial court's denial of the petition vacate, raising the claim in the trial court was insufficient to preserve it for habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

*Miranda* claim was not prejudicial, given that petitioner never contended that, absent a favorable ruling on the motion to suppress his statement, he would not have entered a no-contest plea.

In entertaining that argument – again, an argument petitioner never made before the Magistrate – the Magistrate granted petitioner the benefit of the doubt as to whether his ineffective-assistance-of-appellate-counsel claim was preserved for habeas review. This was an important benefit because, as the Magistrate Judge explained, "in order to excuse a default, the ineffective assistance of counsel claim must not *itself* be procedurally defaulted." (Doc. 12 at 42) (emphasis in original).

Here, there is room to argue that the state appellate court's denial of reopening as to the appellate-counsel claim based on failing to raise the *Miranda* issue rests on an independent and adequate state-law ground, *cf. James v. Brigano*, 470 F.3d 636, 640-642 (6th Cir. 2006), in which case the appellate-counsel claim could not serve as cause.

Accordingly, whether the state appellate court barred petitioner from raising that claim – and what consequences flow from that decision – matter only when considering if appellate counsel's alleged ineffectiveness can excuse petitioner's default.

But petitioner failed to make a cause-and-prejudice argument before the Magistrate Judge, and his objections do not address the Magistrate Judge's ruling that he cannot show prejudice.

"[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. U.S.*, 200 F .3d 895, 902 n.1 (6th Cir.2000). Accordingly, I will not address these issues now, and I overrule petitioner's first objection.

10

## 2. Full and Fair Hearing

Petitioner's second objection is that the Ohio courts denied him a full and fair hearing on his Fourth Amendment claim. (Doc. 21 at 21-28). In support, he contends trial counsel was ineffective in litigating the motions to suppress, and that the state courts' analysis was unreasonable.

This objection lacks merit.

First, the *Stone* bar applies unless the state courts do not provide an available avenue for petitioner to litigate his claim. *Good*, *supra*, 729 F.3d at 639.

But here, the alleged inadequacy of the hearing stems, not from the state courts themselves, but from the alleged shortcomings of petitioner's own attorney. Even assuming petitioner's lawyer failed to litigate the Fourth Amendment claims with the full vigor required by the Sixth Amendment, that does not mean the state courts deprived petitioner of a full and fair opportunity to litigate his claims.

Furthermore, whether the state courts unreasonably rejected petitioner's claims is irrelevant. What matters is that petitioner:

> could, indeed did, present his suppression motion to the state trial court, and the trial court rejected it. He presented it again to the state appellate court, and the appellate court rejected it once more. That suffices to preclude review of the claim through a habeas corpus petition under *Stone v. Powell*.

*Good*, *supra*, at 640.

## B. Pro Se Objections

I will exercise my discretion to consider petitioner's pro se objections (Doc. 20), at least to the extent they do not overlap with counsel's.[6]

---

[6] Because I addressed them above, I need not address petitioner's objections concerning the applicability of the *Stone* bar, or the scope of the reopened direct appeal.

Petitioner first objects the Magistrate Judge failed to address his claim that trial counsel was ineffective in litigating the Fourth Amendment claim. (Doc. 20 at 6).

However, petitioner did not raise that claim in his habeas petition. (Doc. 1 at 11-12).

Furthermore, such a claim would be procedurally defaulted because petitioner did not fairly present it to the state courts.

Petitioner contends the claim is preserved because he sought reopening of his direct appeal on the ground that appellate counsel failed to argue that trial counsel was ineffective for mishandling his Fourth Amendment claims. But as the Magistrate Judge correctly explained, that was insufficient to preserve the trial-counsel claim for federal review:

> [U]nder Ohio law, an application for reopening pursuant to App. R. 26(B), or a "*Murnahan*" motion, is a procedural mechanism for raising claims of appellate counsel ineffectiveness, not for bootstrapping underlying constitutional claims that were omitted from the direct appeal in the first place. Fair presentment requires a petitioner to present his claims to the state courts in a procedure and manner that will provide the state courts with the opportunity to apply controlling legal principles. *Picard v. Connor*, 404 U.S. 270, 276-77, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). To the extent petitioner is suggesting that raising a claim in a Rule 26(B) application is equivalent to raising that claim on direct appeal, he is in error. The notion that any constitutional claim raised in an application for reopening is fairly presented to the state courts in the same manner as if that claim had been raised in a timely direct appeal is untenable and unsupported by case law. *The only claims that can be preserved in a Rule 26(B) application for reopening, therefore, are claims of ineffective assistance of appellate counsel.*

(Doc. 12 at 41) (quoting *Stojetz v. Ishee*, 389 F. Supp. 2d 858, 898-899 (S.D. Ohio 2005) (emphasis added)).

Petitioner also objects that he is entitled to an evidentiary hearing under 28 U.S.C. § 2254(e). (Doc. 20 at 22-24). However, the Magistrate Judge correctly denied that request because all of petitioner's claims are procedurally barred. I therefore overrule the objection.

**Conclusion**

For these reasons, it is ORDERED THAT:

1. Petitioner's objections to the R&R (Docs. 20, 21) be, and the same hereby are, overruled. The R&R (Doc. 12) is adopted as the order of this court;

2. The habeas petition (Doc. 1) be, and the same hereby is denied. All outstanding motions (Docs. 22, 25) are denied as moot; and

3. No certificate of appealability will issue, given that reasonable jurists could not debate that all of petitioner's claims are barred by *Stone v. Powell* or procedurally defaulted.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge